IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COLETTA A. THOMAS-BRADY : | | CIVIL ACTION |
| Plaintiff, : | | |
| : | | No. 11-2281 |
| v. : | | |
| : | | |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY : | | |
| and LIBERTY MUTUAL GROUP, INC. : | | |
| Defendants. : | | |
| : | | |

**Goldberg, J.**                                                                                 **December 9, 2011**

**Memorandum Opinion**

Plaintiff, Coletta A. Thomas-Brady, has initiated this breach of contract action against Defendants, Liberty Mutual Fire Insurance Company and Liberty Mutual Group, Inc. (hereinafter "Liberty Mutual"), alleging that Defendants refused to pay the full value of Plaintiff's underinsured motorist claim. Presently before the Court is Defendants' "Motion to Dismiss for Improper Venue Pursuant to F.R.C.P. 12(b)(3)" (Doc. No. 9). For reasons set forth below, Defendants' motion will be granted.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

The relevant facts are straightforward and undisputed:

Liberty Mutual provided automobile insurance for Plaintiff, which included underinsured motorist (UIM) coverage. The policy included a forum selection clause applicable to lawsuits initiated by Plaintiff against Liberty Mutual. In pertinent part, this clause states that suits against Liberty Mutual "must be brought in a court of competent jurisdiction in the county and state of [Plaintiff's] legal domicile at the time of the accident." (Defs.' Mot. to Dismiss ¶ 2, Ex. C, at 3.)

On June 22, 2008, Plaintiff was involved in a motor vehicle accident with an underinsured motorist. At the time of the accident, Plaintiff lived in Montgomery County, Pennsylvania. (Compl. ¶ 7; Defs.' Mot. to Dismiss ¶ 5.)

After receiving the maximum liability amount available to her from the other driver's insurance company, Plaintiff submitted a UIM claim to Liberty Mutual. The parties were unable to agree on the amount of damages and Plaintiff initiated the present suit in the United States District Court for the Eastern District of Pennsylvania based on diversity jurisdiction. (Compl. ¶¶ 4, 9-11.)

## II.  LEGAL STANDARDS

A defendant may move to dismiss a claim against it for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). In raising the motion, the defendant bears the burden of showing venue is improper. Myers v. Am. Dental Ass'n., 695 F.2d 716, 724 (3d Cir. 1982).

If venue is proper but a forum selection clause points to another venue, a court may dismiss the claim pursuant to a 12(b) motion. See Salovaara v. Jackson Nat'l Life Ins. Co., 246 F.3d 289 (3d Cir. 2001); see also Hugel v. Corp. of Lloyd's, 999 F.2d 206, 207 (7th Cir. 1993) (affirming district court's grant of defendant's Rule 12(b)(3) motion to dismiss for improper venue in case involving forum selection clause). Under federal law, forum selection clauses are "presumptively valid" and enforceable. Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 202 (3d Cir. 1983). Courts must enforce a forum selection clause provided it was not procured by fraud or overreaching, its enforcement does not violate a strong public policy of the forum, and so long as litigation in the selected forum would not be "so gravely difficult" as to effectively deprive a party of its day in court. Foster v. Chesapeake Ins. Co. Ltd., 933 F.2d 1207, 1219 (3d. Cir. 1991); Coastal, 709 F.2d at 202.

**III.     DISCUSSION**

Liberty Mutual moves to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(3), asserting that the contract between the parties renders venue in the United States Court for the Eastern District of Pennsylvania improper.  Specifically, Liberty Mutual contends that Plaintiff's policy required her to bring suit in the county of her domicile at the time of the accident.  Defendants urge that, because Plaintiff resided in Montgomery County at the relevant time, proper venue lies solely in the Montgomery County Court of Common Pleas.

Plaintiff counters that Montgomery County is within the geographic boundaries of the Eastern District of Pennsylvania, and thus venue is proper in this District.

We first note that neither party contends that the forum selection clause was procured by fraudulent means, that the clause violates public policy, or that litigation in the Montgomery County Court of Common Pleas is oppressively burdensome.  Thus, we find the clause valid and enforceable, and the question remaining is simply a matter of interpreting the policy language.

   **A.     When Read as a Whole, the Forum Selection Clause is Clear and Unambiguous.**

Under Pennsylvania law, which governs this diversity case,[1] the interpretation of an insurance contract is a question of law.  <u>Donegal Mut. Ins. Co. v. Baumhammers</u>, 938 A.2d 286, 290 (Pa. 2007).  The United States Court of Appeals for the Third Circuit has set forth several principles of

---

[1] Where the parties have explicitly, or even implicitly, incorporated a choice of law provision into their insurance policy, courts may enforce the choice of law provision.  <u>See, e.g.</u>, <u>Assicurazioni Generali, S.P.A. v. Clover</u>, 195 F.3d 161, 164-65 (3d Cir. 1999).  Here, the parties included a Pennsylvania underinsured motorist endorsement in their policy.  We find that this evidence indicates that the parties intended Pennsylvania law to apply to any disputes under the policy.

contractual interpretation followed by Pennsylvania courts:

> It is well settled that when interpreting a contract, the Pennsylvania courts look to the words of the agreement in order to determine the parties' intent.  Moreover, when construing an insurance contract, we are bound to give effect to clear and unambiguous language.  We are not at liberty to rewrite an insurance contract, or to construe clear and unambiguous language to mean something other than what it says.

State Farm Mut. Auto. Ins. Co. v. Coviello, 233 F.3d 710, 717 (3d Cir. 2000) (citations omitted). However, "[w]here a provision of a policy is ambiguous, the policy provision is to be construed in favor of the insured and against the insurer, the drafter of the agreement." Prudential Prop. & Cas. Ins. Co. v. Sartno, 903 A.2d 1170, 1174, 588 Pa. 205, 212 (Pa. 2006) (internal quotation marks omitted).

A contractual provision is ambiguous if "it is reasonably susceptible to different constructions and capable of being understood in more than one sense." Gardner v. State Farm Fire & Cas. Co., 544 F.3d 553, 558 (3d Cir. 2008).  The provisions of the contract must be read as a whole, and not in a vacuum: "contractual terms are ambiguous if they are subject to more than one reasonable interpretation when applied to a particular set of facts." Genaeya Corp. v. Hartco Nat. Ins. Co., 991 A.2d 342, 346-47 (Pa. Super. Ct. 2010).  Parties' disagreement as to the meaning of a policy does not make it ambiguous. Ins. Co. of Evanston v. Bowers, 758 A.2d 213 (Pa. Super. Ct. 2000).

Here, we find that the forum selection clause is clear and unambiguous.  In doing so, we note that the Pennsylvania Superior Court recently reached the same conclusion in O'Hara v. First Liberty Ins. Corp., 984 A.2d 938 (Pa. Super. 2009).  In O'Hara, the plaintiff's insurance policy included the exact forum selection clause at issue in the present case. Id. at 940-41.  The plaintiff, a Delaware County, Pennsylvania resident, initiated a breach of contract action against her insurer in the

Philadelphia County Court of Common Pleas. In light of the forum selection clause, the trial judge transferred the case to the Delaware County Court of Common Pleas. Id. at 939-40. The Superior Court affirmed, finding that the forum selection clause was clear and unambiguous and, thus, transfer to Delaware County was proper. Id. at 942.

Because the forum selection clause in Plaintiff's policy is unambiguous, we must give effect to its plain language. The policy states that suits against Liberty Mutual must be brought in the "county and state of [Plaintiff's] legal domicile at the time of [her] accident." Plaintiff's argument that Montgomery County is within the geographic boundaries of the Eastern District of Pennsylvania impermissibly broadens the clear language of the policy. The pertinent language does not state that suit must be brought "within" the county and state. Rather, it mandates that suit be "brought in a court of competent jurisdiction in the county" where Plaintiff resided at the time of the accident. (Defs.' Mot. to Dismiss ¶ 2, Ex. C, at 3) (emphasis added). Thus, because Plaintiff lived in Montgomery County, Pennsylvania at the time of her accident, proper venue lies in the Montgomery County Court of Common Pleas.

**IV.   CONCLUSION**

For the foregoing reasons, Defendants' motion is granted. Our Order follows.